Bridger, were ever under any legal obligation to pay said note. The plea alleges that the Bridger estate was solvent; that administration was had thereon; that all its assets were inventoried; and that no claim was presented for said note; and that the time allowed for the presentation of claims had elapsed and administration had been closed and the administrators discharged. There is nothing in the pleadings to show that appellees received any property of the deceased's estate, and in the absence of such an averment there is no showing of any moral obligation on their part to pay said note of $2,135.88. There having been no obligation on the part of the widow and heir to pay the original indebtedness, there was nothing for them to settle or compromise and there was no consideration for the notes given by them respectively. The demurrer was properly sustained as to the second replication. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*

---

### State Bank of New Boston, Appellant, v. Josie F. Bridger, Appellee.

### Gen. No. 5,771. (Not to be reported in full.)

Appeal from the Circuit Court of Mercer county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Action on a note by State Bank of New Boston against Josie F. Bridger. From a judgment for defendant, plaintiff appeals.

W. J. Graham, for appellant.

Church & Church, for appellee.

Mr. Presiding Justice Whitney delivered the opinion of the court.

This case is controlled by the decision in *State Bank of New Boston v. Livingston*, Gen. No. 5,770, *ante*, p. 529.

---

## True A. Miller, Appellee, v. P. M. Carney et al., Appellants.

### Gen. No. 5,773. (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. Nicholas E. Worthington, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Action by True A. Miller against P. M. Carney and others to recover for work performed. From a verdict for plaintiff for $99.50, defendant appeals.

E. E. Harding, for appellants.

Kirk & Shurtleff, for appellee.

Mr. Presiding Justice Whitney delivered the opinion of the court.

### Abstract of the Decision.

1. Continuance, § 10*—*when properly denied.* A motion for continuance on account of the illness of a party is properly denied where it was not shown that the presence of such party was in-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.